PHILIP STERNBACH, Appellant, *v.* YETTE FRIEDMAN, Respondent, Impleaded with Others.

*Foreclosure sale — stay on appeal where the premises are subject to other incumbrances — undertaking to be given by the mortgagor.*

On an appeal by a mortgagor from a judgment of foreclosure of a mortgage for some $18,000, which is subject to prior incumbrances upon the mortgaged premises (constituting only an undivided half of certain property), aggregating $146,000, the appellant is not entitled to a stay of proceedings upon giving an undertaking to pay the costs of the appeal. She should be required to furnish an additional undertaking, under section 1331 of the Code of Civil Procedure, to secure the payment of any deficiency that may occur upon the sale of the mortgaged premises, with interest, costs and all expenses chargeable against the proceeds of the sale, in an amount to be determined by the value of the equity in the mortgaged premises.

APPEAL by the plaintiff, Philip Sternbach, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of April, 1898, as stays the plaintiff's proceedings pending the hearing and determination of the defendant Yette Friedman's appeal, upon the defendant Yette Friedman giving an undertaking for costs of the appeal.

*Leonard Bronner*, for the appellant.

*Harold Nathan*, for the respondent.

INGRAHAM, J. :

Upon the trial of this action a judgment of foreclosure and sale was entered directing the sale of the mortgaged premises and directing the referee, out of the proceeds realized upon such sale, to, *first*, pay, satisfy and discharge all outstanding obligations, debts and liabilities of the firm of Rosenthal & Sternbach ; *second*, to pay to the plaintiff, Philip Sternbach, the sum of $10,000, with interest thereon from the 1st day of December, 1895 ; and, *third*, to pay to plaintiff the amount which may be found to be due to the plaintiff for injury and damage which the plaintiff has been or may be required to expend by reason of the copartnership affairs ; and the referee named was directed to ascertain the amount due the creditors of the said firm and to the plaintiff as damages sustained by reason of the said copartnership. The defendant, Yette Friedman, the mortgagor, appealed from the judgment and made a motion at the Special Term to stay the proceedings under the judgment upon the appeal. That motion was granted upon such defendant giving an undertaking to pay the costs of the appeal. The property covered by the mortgage consisted of an undivided half part of the property described. The property is subject to prior incumbrances aggregating $146,000. It is alleged by the defendant Friedman that the liability under this judgment if it should be affirmed will amount to about $18,000 besides costs. We have, therefore, a case of a mortgage being foreclosed where there is due upwards of $18,000, where the interest of the mortgagor is an undivided half of the property and where the property is subject to prior liens amounting to upwards of $146,000. That this is a very insufficient security for the amount due is clear.

The consequences of the delay caused by this appeal may result in the foreclosure of the prior liens when the purchaser to protect his lien will be compelled to pay off such prior liens, or make provision for their continuance; the interest is accruing and the amount of the prior liens will be increased by such interest pending the appeal. To entitle the defendant Friedman to a stay as a matter of right an undertaking must be given as provided in section 1331 of the Code, which undertaking must provide that if the judgment is affirmed or the appeal dismissed, the appellant will pay any deficiency which may occur upon the sale, with interest and costs, and all expenses chargeable against the proceedings of the sale, not exceeding a sum fixed by the judge of the court from which the appeal is taken. No undertaking was given under this section of the Code; nor did the court below fix the amount of such an undertaking. Under section 1351 of the Code the court has power to stay the proceedings without security; but under the circumstances of this case we do not think that the proceedings should be stayed without a bond as required by section 1331 of the Code.

The order appealed from should, therefore, be modified by providing that the judgment appealed from be stayed, pending the appeal, upon the defendant Yette Friedman's giving an undertaking providing that if the judgment is affirmed or the appeal dismissed she will pay any deficiency that may occur upon the sale, with interest and costs and all expenses chargeable against the proceeds of the sale not exceeding the sum of $2,500·(which is sufficient in view of the equity in the property). As so modified the order is affirmed, with ten dollars costs and disbursements to the appellant.

PATTERSON, RUMSEY and O'BRIEN, JJ., concurred.

Order modified by providing that the judgment appealed from be stayed pending the appeal, upon the defendant Yette Friedman giving an undertaking providing that if the judgment is affirmed or the appeal dismissed she will pay any deficiency that may occur upon the sale, with interest and costs and all expenses chargeable against the proceeds of the sale, not exceeding the sum of $2,500. As so modified, order affirmed, with ten dollars costs and disbursements to the appellant.